# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EULOGIO RODRIGUEZ, | |
| Plaintiff, | |
| v. | Civil Action No. 10-11347-FDS |
| DEIDRE KELLS, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will deny plaintiff's motion to file an amended complaint.

## I. Background

This case concerns alleged assaults on plaintiff Eulogio Rodriguez by correctional officers on November 23, 2008, and February 11, 2009. In an order dated January 27, 2011, the Court dismissed this case without prejudice because Rodriguez had not complied with the pleading requirements of Fed. R. Civ. P. 8(a), even though the Court had already given him an opportunity to do so. The Court also stated that plaintiff could move to reopen this case if he filed an amended complaint within 120 days. On April 28, 2011, Rodriguez filed an amended complaint and requested that summonses be sent to him. On May 16, 2011, the Court entered an order directing the Clerk to reopen the case and issue summonses.

On June 28, 2011, the plaintiff filed a letter to the clerk in which he stated that he is submitting another "complaint in motion" to add four defendants, without whom, he states, "there

would not be a case." He asks that summons issue as to these four defendants and that he be provided with forms for service by the United States Marshals Service.[1]

In the present "complaint in motion," which is an addition to the earlier-filed amended complaint rather than a second amended complaint, plaintiff makes the following allegation:

> In February 11, 2009. Superintendent Peter A. Pepe, Officer Goguen Rachel M. Officer Gregory A. Poladian, Office of Investigative Services Paul F. Oxford, Chief was aware of the assault and the subsequent injuries yet failed in his duty to report or Defendants Peter Pepe, Goguen Rachel, Gregory Poladian, Paul Oxford, record of these facts. Therefore depriving the plaintiff of his rights under <u>article XXVI</u> of the declaration of rights of the Massachusetts Constitution. Including that Mr. Officers when he seen me with bruises he did not say anything on February 11, 2009 a documented alledged assault on officers was never brought to Concord District Court.

Document #29, at 2 (as in original). Plaintiff states that he is bringing this action under 42 U.S.C. § 1983 for violations of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and under state law.[2]

## II. Discussion

Under Fed. R. Civ. P. 15, a party may amend its pleading *once* as a matter of course within 21 days after serving it, or within 21 days after which a responsive pleading or motion

---

[1] This letter was docketed as a motion to amend the complaint.

[2] Plaintiff also states that he is bringing this action under 42 U.S.C. § 1988. This statute concerns the applicability of common law in federal courts, the award of attorney's fees, and the award of expert fees. It does not provide for a separate cause of action.

2

under Fed. R. Civ. P. 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1).[3] In all other cases, a party may amend a pleading only with consent of the opposing party or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The leave sought should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009). If the proposed amendment fails to state a claim upon which relief could be granted, the amendment would be futile. *See id.*

Because plaintiff has already amended the complaint once as a matter of right, he cannot further amend the complaint without leave of the court or the consent of the defendants (who have not yet been served).

The Court will deny the motion to further amend the complaint. The proposed addition to the amended complaint would be futile because it fails to state a claim upon which relief can be granted. To the extent that plaintiff is claiming that any of the four defendants is liable under § 1983 based on their failure, after the alleged attack, to report or discipline the correctional officers who directly participated in the attack, the complaint fails to state a claim because plaintiff did not have a federally-protected right to have those involved in the alleged attacks investigated or disciplined. *See, e.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (inmate did not

---

[3] Rule 15(a)(1) provides:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

    (A)    21 days after serving it, or

    (B)    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

have federally protected liberty interest in having grievances investigated). Similarly, any failure to investigate or discipline those who perpetrated the alleged attack does not constitute the direct participation necessary to find liability under 42 U.S.C. § 1983, absent any allegation that this failure led to additional injury. *See Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) ("It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005))).

Moreover, the proposed amendment does not comply with the requirement of the Federal Rules of Civil Procedure that the complaint contain "a short and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The language in the above-quoted factual allegation is confusing. It is not clear whether plaintiff is alleging that all of the four defendants failed to report or discipline the correction officers who allegedly assaulted the plaintiff, or whether he is alleging that Rachel and Poladian were direct perpetrators of the alleged attack.

### III. Conclusion

For the foregoing reasons, the motion to amend is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 28, 2011