# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EULOGIO RODRIGUEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-11347-FDS |
| DEIDRE KELLS, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO DIRECT THE U.S. MARSHAL TO FIND AND SERVE DEFENDANTS

**SAYLOR, J.**

This is an action by a prisoner in state custody alleging assaults by correctional officers. Plaintiff Eulogio Rodriguez is proceeding *pro se*.

On May 16, 2011, the Court ordered that the clerk issue summonses and that the United States Marshals Service serve each defendant as directed by plaintiff. Service was attempted, but could not be completed, on defendants James Dapkas, Brian Micciche, or Stephen Vassali, apparently because they no longer work at the office or at the facility where the assaults are alleged to have occurred. Plaintiff has filed a motion seeking to have the Court direct the U.S. Marshal to find and serve the defendants, or, in the alternative, to order the Commonwealth to either stipulate that these defendants have notice of the action or provide him with addresses of these defendants.

## I. Service of Process

Title 28, section § 1915(d) of the United States Code and Fed. R. Civ. P. 4(c)(3) require

the Court to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP." *See Laurence v. Wall*, 551 F.3d 92, 93 (1st Cir. 2008).[1] However, in order to execute service, the Marshal will need more information than plaintiff is capable of providing. Defendants Dapkas, Micciche, and Vassali no longer work at MCI Concord, and plaintiff currently has no reasonable way of otherwise serving them with process. *See Murray v. Pataki*, 378 Fed. Appx. 50, 52 (2d Cir. 2010) ("[I]t is 'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.'" quoting *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010)); Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1). Under the circumstances, the only practical method of serving defendants is for the Marshals Service to deliver the summons to their last known home addresses. Mass. R. Civ. P. 4(d)(1). However, under Mass. Gen. Laws ch. 66, § 10, and ch. 4, § 7 cl. 26(o), defendants' home addresses are not subject to public disclosure.

This dilemma highlights two significant concerns in prisoner litigation—the security risks involved in informing prisoners of the home addresses of former or current guards, and the ability of prisoners to have access to the necessary information to pursue their claims in court. *See*

---

[1] Although no motion to dismiss for lack of timely service or motion to extend time to serve has been filed, in its May 16, 2011 order, the Court directed plaintiff to serve the named defendants within 120 days. *See* Fed. R. Civ. P. 4(m). It has been more than 120 days since plaintiff filed his amended complaint and the defendants have not yet been served. However, the Court has discretion to extend the period for service of process. *Id.* Rule 4(m) directs the court to "extend the time for service for an appropriate period" when a plaintiff shows "good cause" for failing to effect service within 120 days of filing the complaint. Fed. R. Civ. P. 4(m); *see also Laurence*, 551 F.3d at 94. "[A] plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." *Laurence*, 551 F.3d at 94. Plaintiff did not dely in trying to effect service. Rather, he filed the present motion on August 12, 2011—ten days after service was attempted. Considering this and the difficulty an inmate would have in investigating a defendant's whereabouts, there is good cause for failing to serve defendants, and plaintiff will be granted a reasonable amount of time to attempt service a second time. *See Rua v. Glodis*, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011); *Cf. Lindsey v. United States RRB*, 101 F.3d 444, 447 (5th Cir. 1996) (explaining that IFP plaintiff's claim was properly dismissed where "he was told by the district court that process was not served on the [defendant], yet the plaintiff did nothing about it").

2

*Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). With these considerations in mind, the Court will direct the Commonwealth of Massachusetts Department of Corrections to submit to the Court, *ex parte* and under seal, the last known home addresses of Dapkas, Micciche, and Vassali. The Court will complete the service forms and will provide them, along with copies of the complaint, directly to the U.S. Marshal. *See, e.g.*, *Rua v. Glodis*, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011); *Combs v. Lehman*, 2009 WL 497124, at *2 (W.D. Wash. Feb. 24, 2009) (requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees for purposes of service by a U.S. Marshal). Alternatively, counsel for these defendants may obtain permission and agree to accept service on their clients' behalf. *See Murray*, 378 Fed. Appx. at 52 (stating that "the district court . . . could have ordered the other defendants to contact [the unserved defendant] to see if she would accept service or to provide the [plaintiff] with [the unserved defendant's] last known address").

## II. <u>Conclusion</u>

For the foregoing reasons,

1. The period for service of process is extended until 60 days from the date of this Order;

2. Within 21 days of the date of this Order, either (a) the Commonwealth of Massachusetts Department of Corrections shall submit, *ex parte* and under seal, the last known address at which Dapkas, Micciche, and Vassali may be personally served; or (b) counsel for defendants shall agree to accept service for Dapkas, Micciche, and Vassali by filing appropriate notice of the same;

3. Upon the submission by counsel of their last known address or filing of a notice

that counsel will accept service for defendants, the Clerk shall reissue summons as to each and shall arrange for service by the United States Marshal who shall file a return receipt of service without disclosing the addresses. The Clerk shall provide a copy of this Order to the Marshal, and shall otherwise communicate directly with the Marshal to ensure that defendants' addresses are not publicly disclosed.

**So Ordered.**

                                      /s/ F. Dennis Saylor
                                      F. Dennis Saylor IV
                                      United States District Judge

Dated: January 31, 2012